UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 09-43918 -MSH |
| ROBERT A. LAFRANCHISE AND | ) | |
| BONNIE L. LAFRANCHISE | ) | |
| | ) | |
| Debtors | ) | |

**MEMORANDUM OF DECISION AND ORDER ON DEBTORS' MOTION TO AMEND SCHEDULE F AND MOTION TO AMEND MATRIX**

This matter came on for hearing on the motions of the debtors, Robert and Bonnie Lafranchise, to amend schedule F (creditors holding unsecured nonpriority claims) accompanying their bankruptcy petition and the mailing matrix list of creditors filed by them to add Keith P. Fontaine and Tracy A. Fontaine, and their attorneys, Jennie L. Cassie and Michael V. Caplette, as unsecured creditors. The reputed creditors have opposed the debtors' motions.

**Background**

The facts are uncontested. Sometime in September 2008, the Lafranchises brought an action in state court against the Fontaines asserting claims arising from the sale of a house by the Fontaines to the Lafranchises. Attorneys Cassie and Caplette represented the Fontaines in the state court action. A year later, on September 21, 2009, Mr. and Mrs. Lafranchise filed their chapter 7 bankruptcy petition commencing this case. They listed their claims in the state court litigation as an asset of their bankruptcy estate but did not list the Fontaines (or their attorneys)

1

as creditors on the schedules accompanying their petition. The chapter 7 trustee assumed responsibility for prosecuting the state court litigation.[1]

On December 1, 2009 the Fontaines served the Lafranchises with an offer of judgment pursuant to Mass. R. Civ. P. 68 in the state court case.[2] Rule 68 provides in relevant part:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued.... If the judgment exclusive of interest from the date of offer finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer....

The Lafranchises did not accept the Fontaines' Rule 68 offer. On May 21, 2012 a jury returned a verdict in favor of the Fontaines in the state court action. The Fontaines made the Lafranchises aware that they would be seeking to recover costs pursuant to Rule 68. Shortly thereafter, the debtors moved to amend schedule F and their creditor matrix to include the Fontaines and their attorneys[3] as unsecured creditors in the debtors' bankruptcy case.

---

[1] The bankruptcy court docket in this case suggests that the trustee did not become actively involved in the state court action until December 14, 2011. (See Legal Services Agreement attached as Exhibit A to the trustee's motion to employ Francis B. Fennessey, Esq. as legal counsel. [#36]).

[2] Rule 68 provides in relevant part:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued.... If the judgment exclusive of interest from the date of offer finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer....

[3] Rule 68 does not appear to create an independent liability to the offeror's counsel. Attorneys Cassie and Caplette do not address this argument, however.

**Positions of the Parties**

The Fontaines and their attorneys objected to the motions to amend on the grounds that their right to recover their costs for the state court litigation pursuant to Mass. R. Civ. P. 68 arose against the Lafranchises post-petition, when the Fontaines made their Rule 68 offer. Therefore, they assert, their claims are not includable or dischargeable in this bankruptcy case. The debtors dispute that the Fontaines and their counsel have a claim for their costs under Rule 68. Citing *Delta Air Line v. August*, 450 U.S. 346, 352, 101 S.Ct .1146, 1149-50 (1981), a case construing Fed. R. Civ. P. 68, which is similar to Mass. R. Civ. P. 68, the Lafranchises argue that Rule 68 applies only in cases in which a Rule 68 offeree actually recovers judgment, albeit one less favorable than that presented in the Rule 68 offer. The jury returned a verdict in favor of the Fontaines in the state court action, meaning the Lafranchises, the offerees of the Fontaines' Rule 68 offer, did not obtain <u>any</u> judgment within the meaning of the rule. Thus the debtors argue that the Fontaines cannot recover under Rule 68 in these circumstances. They argue in the alternative that even if the creditors can recover their costs under the rule, the creditors' claim became a possibility as soon as the state court action was initiated, which was prior to the commencement of the bankruptcy case, and thus, the claim is a garden-variety prepetition claim subject to being scheduled and discharged in this bankruptcy case.

**Discussion**

The first issue is whether Mass. R. Civ. P. 68 applies when the final judgment awards the offeree no affirmative relief.

Citing the Supreme Court's decision in *Delta Air Lines*, the Lafranchises note that the Court interpreted Fed. R. Civ. P. 68, to require that a Rule 68 offeree receives at least some

3

judgment before the rule applies. In *Delta Air Lines*, the Court stated "[I]nasmuch as the words 'judgment . . . obtained by the offeree'-rather than words like 'any judgment'-would not normally be read by a lawyer to describe a judgment in favor of the other party, the plain language of Rule 68 confines its effect to the … case… in which the plaintiff has obtained a judgment for an amount less favorable than the defendant's settlement offer." *Id.* at 351, 101 S.Ct. at 1149-50. When the offeree obtains zero, in other words the offeror wins a complete victory, *Delta Air Lines* says Fed. R. Civ. P. 68 is inapplicable.

Fed. R. Civ. P. 68 is similar but not identical to Mass. R. Civ. P. 68. The Massachusetts Appeals Court has found it similar enough, however, to adopt the reasoning of the Supreme Court in *Delta Airlines*:

> "In construing [the Massachusetts Rules of Civil Procedure] we follow the construction given to the Federal rules 'absent compelling reasons to the contrary or significant differences in content.'" *Van Christo Advertising, Inc. v. M/A-COM/LCS*, 426 Mass. 410, 414, 688 N.E.2d 985 (1998). We see no compelling reason or significant difference in content that would oblige us not to follow *Delta Air Lines, Inc.*, and therefore we are guided by the United States Supreme Court's interpretation of the rule. "[T]he plain language of Rule 68 confines its effect to ... [a] case ... in which the plaintiff has obtained a judgment for an amount less favorable than the defendant's settlement offer.*" Delta Air Lines, Inc. v. August*, 450 U.S. at 351, 101 S.Ct. 1146.

*Baghdady v. Lubin & Meyer, P.C.*, 55 Mass.App.Ct. 316, 325, 770 N.E.2d 513, 520 (Mass. App. Ct. 2002).[4]

The Massachusetts Supreme Judicial Court has not interpreted Mass. R. Civ. P. 68. "[A]

---

[4] *Baghdady* is a published decision decided by the Appeals Court not under its summary disposition rule and thus is precedent binding on the Massachusetts trial court where the Lafranchises' action was brought. Decisions issued under the summary disposition rule issued on or after February 26, 2008 may be cited in a brief for persuasive value but not as binding precedent. Appeals Court Rule 1:28, as amended effective Jan. 1, 2009.

4

Bankruptcy Court ruling on an issue of state law must rule as it believes the highest court of the state would rule. When the highest court has not addressed the issue, the Bankruptcy Court should not regard lower court rulings on the issue as dispositive. Rather, it should attempt to predict what the highest court would do and to that end should accord proper regard to decisions of other courts of the state." *Shamban v. Perry (In re Perry)*, 357 B.R. 175, 179 (B.A.P. 1st Cir. 2006) (internal quotation marks and citation omitted).[5]

This leaves me with a choice. I can attempt to predict how the SJC would interpret Mass. R. Civ. P. 68 or send the parties back to state court to allow the trial judge, who has clear guidance from the Appeals Court, to rule on the Fontaines' Rule 68 entitlement. The choice is easy. The trial judge is in a far better position to determine the applicability of Rule 68 or any other applicable rule, for example Rule 54, and determine the amount and nature of any

---

[5] I note that the highest courts of the several states to have ruled on this question are divided on the outcome. *Compare Fiddle, Inc. v. Shannon*, 834 So.2d. 39, 49 (Miss. 2003) (jury verdict in favor of the defendant was not a judgment obtained by offeree under Mississippi's rule 68); *Hercules, Inc. v. AIU Ins. Co.*, 784 A.2d 481, 509-10 (Del. 2001) (defendant dismissed from lawsuit not entitled to costs under Delaware Superior Court Rule because plaintiff did not obtain a judgment against dismissed defendant); *Ex parte Waterjet Systems, Inc. (In re Waterjet Systems, Inc. v. Brown)*, 758 So.2d 505, 508-09 (Ala. 1999) (jury verdict in favor of defendant was not a "judgment obtained by offeree" under Ala. R. Civ. P. 68); *Jones v. Berezay*, 120 Idaho 332, 333-34, 815 P.2d. 107, 1073-42 (1991) (I.R.C.P. 68 does not apply where plaintiffs voluntarily dismissed lawsuit); *with Kellis v. Crites*, 20 P.3d 1112 (Alaska 2001) (defendant who prevailed completely on jury verdict entitled to costs under Alaska Rule 68 applicable to cases filed on or after August 7, 1997 and applies [i]f the judgment finally rendered by the court is at least 5 percent less favorable to the offeree than the offer, or if there are multiple defendants, at least 10 percent less favorable…."); *Wickwire v. State*, 725 P.2d 695 704 (Alaska 1986) ("A defendant who ultimately fares better than its Rule 68 offer is entitled only to *partial* compensation for post-offer attorney's fees" under Alaska Rule 68 applicable to cases filed before August 7, 1997); *Darragh Poultry & Livestock Equipment*. 294 Ark. 427, 429-431, 743 S.W.2d 804, 805 -06 (1988) (holding state's Rule 68, which contains language identical to Mass. R. Civ. P. 68, requires award even where offeror prevails completely); *Beattie v. Thomas,* 99 Nev. 579, 588, 668 P.2d 268, 274 (1983).

5

monetary assessment if one is appropriate.

The Lafranchises' motion to amend is denied without prejudice and the automatic stay is lifted to permit the parties to return to state court for a determination of whether the Fontaines and/or their attorneys are entitled to any monetary award against the Lafranchises. Depending upon the results of the state court process, the Lafranchises will be permitted to seek to amend their schedules, subject of course to the right of the Fontaines and/or their attorneys to object, at which time I will be in a better position to render a ruling on the merits. The Fontaines are ordered to file a report on the status of the state court proceeding by March 1, 2013.

By the Court,

*/s/ Melvin S. Hoffman*

Melvin S. Hoffman
U.S. Bankruptcy Judge

Counsel Appearing:

    Francis B. Fennessey, Charlton, MA,
        for the debtors
    Michael T. Gaffney, Law Offices of Michael T. Gaffney, Worcester, MA
        for the Fontaines, Jennie L. Cassie and Michael V. Caplette